[No. 10005.  Department Two.  May 2, 1912.]

W. E. WILLIAMS, *Appellant*, v. GEORGE P. WRIGHT *et al.*,
*Respondents.*[1]

PLEADING—ANSWERS—INCONSISTENT DEFENSES—BREACH OF CON-
TRACT. In an action on contract, an admission of the execution of
the contract and a general denial of performance on the part of
plaintiff, is not inconsistent with affirmative defenses to the effect
that plaintiff had breached the contract, which was thereupon ter-
minated, and the plaintiff had elected to rescind and receive full
satisfaction under a *quantum meruit* for the work done at the time
of rescission.

CONTRACTS—ACTIONS—ISSUES—PROOF AND VARIANCE. In an ac-
tion for wrongful discharge and breach of a contract whereby tun-
nel work was sublet to the plaintiff, he agreeing to furnish an ap-
proved bond in the sum of $25,000, it is admissible, under a general
denial of performance, to show that any performance by plaintiff
was under an oral working agreement pending his efforts to pro-
cure the bond.

APPEAL—REVIEW—PLEADINGS—AMENDMENTS. Upon an objection
that evidence was not admissible under a general denial, the su-
preme court may on appeal regard the pleadings as amended to con-
form to the proof.

CONTRACTS—PERFORMANCE OR BREACH—FORFEITURE. Where a sub-
contractor had breached his contract in failing to give a bond called
for, and had not made the progress expressly required, upon which
a forfeiture was declared pursuant to a provision in the contract, he
cannot make the contract or his discharge the basis of recovery.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered April 14, 1911, upon the verdict
of a jury rendered in favor of the defendants, in an action on
contract.  Affirmed.

*Sullivan & Christian*, for appellant.

*Fletcher & Evans* and *A. J. Falknor*, for respondents.

MORRIS, J.—This action was brought to recover damages
for the alleged breach of a written contract under which re-

[1]Reported in 123 Pac. 446.

spondents, who had obtained a contract from the city of Tacoma for the construction of headworks and tunnel for its hydro-electric power plant on the Nisqually river, sublet the tunnel work to appellant. The breach pleaded was the wrongful termination of the contract by respondents, and their refusal to permit appellant to proceed with the work.

The written contract pleaded by appellant was dated March 23, 1910, and by its terms added to its stipulations the plans and specifications of the original contract between the city and respondents, in so far as they applied to the construction of the tunnel. Among other of its material stipulations, it provided that appellant might begin work upon the approval and acceptance of a bond in the sum of $25,000, conditioned for the faithful performance of the work under the contract, with the Title Guaranty & Surety Company of Scranton, Pennsylvania, as surety. A further provision was that appellant should diligently proceed with the work, and that his progress should average not less than eight feet per day at each end of the tunnel; otherwise respondents might declare a forfeiture of the contract. Appellant commenced work under this contract April 9, and continued on the work until July 16.

Respondents, answering, set up a general denial of the allegations of the complaint and pleaded affirmatively: First, that appellant failed to make the progress required of him under his contract. Second, that the contract between appellant and respondents was a subcontract, and was subject in all things to the provisions of the original contract between respondents and the city, which provisions were well known to appellant; and that the city, exercising the power it reserved in the original contract, refused to recognize appellant as a subcontractor, and dismissed him from the work on July 16. Third, that on account of the character of the work it was impossible to determine its cost to appellant with any degree of certainty. This defense was, by the instructions of the court, withdrawn from the jury. Fourth, that

appellant, after he ceased the performance of work on the tunnel, elected to treat his contract as rescinded, and claimed and received full payment of all work done by him under a *quantum meruit*. To these affirmative defenses, appellant made reply, and the issues thus framed were submitted to a jury, who returned a verdict for defendants; and from the judgment of dismissal entered thereon, plaintiff appeals.

The first error to which appellant addresses himself is his contention that the denials and affirmative defenses were inconsistent. In the answer, respondents admitted the execution of the contract, but denied all those allegations under which appellant sought to establish his performance and respondents' breach. In their affirmative defenses, they pleaded appellant's breach of the contract and his election to rescind and receive full satisfaction for the reasonable value of the work. Under the general denial, it was competent to show appellant did not enter upon the performance of the written contract. To establish this, it was competent to show that the performance claimed by appellant was the performance of another contract. The performance being within the issues under the denials, anything which affected the establishment or denial of that performance was within the issues. Respondents, having admitted entering into a contract with appellant which by his complaint he was seeking to enforce against them, had the right to set forth any existing reason why he could not recover under that contract. They admit making the contract sued upon, but deny its performance, and contend that in no event could appellant recover under the written contract because he had not kept and performed its stipulations. We find nothing inconsistent in these pleas. The evidence objected to and the instructions submitting these phases of the case to the jury were proper under the issues.

The second objection is largely determined by the first. The court is charged with error in permitting evidence tending to show the understanding between the parties; that ap-

pellant was not to enter upon the performance of the contract, until he furnished the bond stipulated in the written contract; and that pending his efforts to procure this bond it was agreed he should go to work under an oral contract. We can find no error in admitting this testimony, nor in submitting it to the jury under proper instructions. Nor was it necessary to allege any special affirmative defense to make this evidence competent. It was admissible under the general issue raised by the complaint, and the denials in the answer. In order to show that appellant was not working in the performance of his alleged contract, respondents had an undoubted right to show the performance sought to be connected with this contract was by virtue of a working arrangement intended to determine their relative rights until by the giving of the bond appellant put himself in a position to work under the written contract, and thus show circumstances convincing to court and jury that their denials were truthfully made and well established. In any event, before holding this to be reversible error, we would, as we have repeatedly held, treat the pleadings as amended to correspond to the proof.

The other errors are challenging the rulings of the court below in the admission of testimony and in the giving and refusal of instructions. In each case we find the claim of error not well taken. In fact, we think the court was very careful to submit the case to the jury under every phase upon which there was a shred of competent evidence. Inasmuch as this record is eleven hundred pages long, we cannot set out the testimony objected to, nor show its relation to the issues, properly before the jury. In no case, however, can we say the ruling of the court was so prejudicial to appellant as to necessitate sending this case back for a second trial upon an issue which appears to us to have been fairly submitted to the jury and under circumstances as favorable as appellant was entitled to ask. Conceding he was working under the written contract, he cannot escape the fact that

he had breached this contract in two particulars. He had not given the bond, nor had he made the progress expressly required. Having failed to fully comply with his contract, he could not make it the basis of a recovery. Having himself breached it, he could no longer stand upon it and insist upon a strict reading of its terms, unless these admitted breaches were waived and excused, and this matter was fairly covered and submitted to the jury under proper instructions. In fact, while we are not concerned in the questions of fact as they have been determined by the jury, yet after reading this evidence in connection with the attacks made upon it and the instructions, we cannot see how the jury could have arrived at any other verdict.

Believing, therefore, that the ultimate result is correctly determined, and that no reversible error is to be found that should upset that result, we affirm the judgment.

DUNBAR, C. J., CROW, FULLERTON, and MOUNT, JJ., concur.